UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shernon Jenkins,<br>Tyrone Robinson, | ) C/A 4:08-1636-MBS-TER<br>)<br>) | |
| Plaintiff, | ) <br>) | |
| vs. | )<br>) | |
| All Insurance Companies, Agencies, Divisions, etc., that cover and insur (sic) all and any defendants, named in this complaint;<br>Walmart Franchise Corporation;<br>Walmart 728;<br>Moneygram International Franchise Corp.;<br>Moneygram International Agency;<br>President or Owners of Walmart Franchise Corporation;<br>President or Owner of Walmart 728;<br>President or Owners of Moneygram International Franchise Corp.;<br>President or Owner of Moneygram International Agency;<br>Walmart Employee DW No. 4032 while acting in scope of employment;<br>Moneygram International Agency employee DW No. 4032 while acting in the scope of their employment;<br>Walmart Manager Bishop Thompson Jr. while acting in scope of employment, all being sued while acting in the scope of their employment and businesses in their individual, personal representative capacity, corporate capacity and Respondeat Superior capacity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Report and Recommendation |
| Defendant(s). | | |

This matter has been filed by two prisoners who are proceeding *pro se*. The prisoners allege, *inter alia,* that "do (sic) to seriousness of federal law violations of unconstitutional acts...this complaint is lengthy." Specifically, the plaintiffs claim that Walmart and Moneygram International (defendants),

1

among others, failed to wire money to plaintiff Jenkins' (Jenkins) prison account. According to the complaint, plaintiff Robinson's (Robinson) sister (who is named as a plaintiff but who did not sign the complaint) paid the defendants $6.50 to wire $100.00 to Jenkins' prison account for the use of both prisoner plaintiffs. Plaintiffs allege they never received the money, but they state they have a receipt and a copy of the order form. Additionally, plaintiffs allege that the defendants told Robinson's father that Jenkins was not registered at the South Carolina Department of Corrections. Plaintiffs maintain the defendants are "covering up ellegal (sic) crimes, unlawful, and neglect, reckless acts that there (sic) employees commit in order to steal one hundred, six dollars, and fifty cents". The plaintiffs raise over seventy (70) "counts" which include "fraud, negligence, forgery, counterfieting (sic), embezzlement, and misrepresentation" in their four-hundred-eleven (411) page complaint. The plaintiffs also claim that it is illegal to "erase, remove, alter, forge or falsify a federal or state registered number that is use (sic) to identify a specific thing person or is used for a registered purpose". Plaintiffs allege this is a violation of the Federal Tort Claims Act. Specifically, they claim that the defendants submitted a "false, altered, forged" account number of "9702" which was supposed to be "289702" to deprive the plaintiffs of their money because the customer copy of the receipt they were given from Walmart reads "account/cuento:*****9702". Plaintiffs also allege that the defendants refuse to return their money to them. *See* page 145 of attachment # 2. In the relief portion of their complaint, plaintiffs ask for damages and also for forty-four (44) motorcycles, twenty-two (22) "fully equipped, fully furnished" mobile homes, eight (8) supermarket stores, a new eight (8) bedroom fully furnished house for each plaintiff in a "gated security place" on Hilton Head Island, twenty-two (22) Cadillac Escalades, twenty-two (22) Mercedes Benz', a Cadillac four-door, twenty-two (22) Lexus 460's, and twenty-two (22) Acura's. They also seek declaratory and injunctive relief, and ask that the defendants be criminally prosecuted.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

To establish federal question jurisdiction, plaintiffs' bear the burden of demonstrating that a substantial question of federal law is raised by their complaint. A mere allegation that a federal statute has been violated is not sufficient. *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F.Supp.2d 709 (E.D.Va. 2003). Thus, federal jurisdiction is not evoked by merely citing a federal statute. *Republic Finance v. Cauthen*, 343 F. Supp.2d 529 (N.D. Miss. 2004). For this reason, a Court can dismiss suit for want of jurisdiction if the alleged claim under the Constitution or federal statute is clearly immaterial and

3

made solely for the purpose of obtaining jurisdiction or where the alleged claim is wholly insubstantial and frivolous. A bare allegation that a cause of action arises under the Constitution is not enough. *Shape v. Barnes County, N.D.*, 396 F.Supp.2d 1067 (D.N.D.2005); *See also Cobb v. Contract Transport, Inc.*, 452 F.3d 543 (6th Cir. 2006).

Although *pro se* pleadings are to be construed liberally, where a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action, it is incumbent upon the plaintiff to adequately and properly allege jurisdictional facts according to the nature of the case. *Montgomery v. Mississippi*, 2007 WL 2011287 (S.D. Miss. 2007); Fed.Rules Civ.Proc.Rule 8(a). The general rule governing pleading federal jurisdiction requires more that a simple allegation that jurisdiction exists or citation of a federal statute; rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is federal jurisdiction. *Lopes v. Vieira*, 488 F.Supp.2d 1000 (E.D. Cal.2007). In short, theories of liability which are so meritless that they fail even to make out claims arising under federal law must be dismissed by federal court for want of jurisdiction. *Goros v. County of Cook*, 489 F.3d 857 (7th Cir. 2007).

In the above-captioned matter, the complaint is characterized by what some courts have described as "buzzwords" or "gibberish[.]" *See Coghlan v. Starkey*, 852 F.2d 806, 812-816 (5th Cir. 1988)(collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D.Texas 1989); *Peebles v. National Collegiate Athletic Association*, 887 F.2d 1080 (4th Cir. 1989)[Table]; *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D.Cal. 1984)(describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd. Cir. 1985), In fact, the complaint in the case at bar is somewhat similar to the *pro se*

pleadings filed by a litigant in *Bryant v. U Haul*, 1994 WESTLAW® 67803 (E.D.Pa., February 25, 1994)("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish."). Indeed, it appears that the plaintiff has been "borrowing" phrases and language from law dictionaries, and legal digests.

Additionally, plaintiffs have failed to demonstrate, as set out above, that a substantial question of federal law is raised by their complaint. This is true even though the plaintiffs cite to specific federal statutes. For example, a claim filed pursuant to the Federal Tort Claims Act must be filed against the United States. Plaintiff's have not named the United States as a party to this action because this matter does not involve the federal government or federal agencies. Likewise, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). There is no indication that the defendants in this case have acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. See *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980).

The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. *Lugar v. Edmondson Oil Co.*, 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982). In any event, the *pro se* plaintiffs have not made any allegations which would connect the actions of the defendants or any of the defendants' individual employees[1] to the actions of a person or persons acting under color of state law. Generalized allegations of conspiracy are not sufficient. *See*

---

[1] Although a private citizen can act under color of state law, his or her actions must occur where the private citizen is a willful participant in joint action with the state or an agent of the state. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

*Stubbs v. Hunter*, 806 F. Supp. 81, 82-83,(D.S.C. 1992); *Wetherington v. Phillips*, 526 F.2d 591 (4th Cir. 1975)[Table]; and *Joyner v. Abbott Laboratories*, 674 F. Supp. 185, 191 (E.D.N.C. 1987).

Any state law causes of action would be cognizable in this court under the diversity statute, *Cianbro Corporation v. Jeffcoat and Martin*, 10 F.3d 806 (4th Cir. 1993)[Table], if that statute's requirements are satisfied. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
>   (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because the plaintiffs cannot meet the requisite jurisdictional amount and fail to allege diversity of the parties. Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking. The plaintiffs are not without a forum: they may file suit against the defendants in a Court of Common Pleas.

Finally, the plaintiffs have requested in their prayer for relief that criminal action be taken against the named defendants. Private citizens however, do not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

The plaintiffs can not seek to prosecute the defendants on behalf of themselves or others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65

6

(1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-1567 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); and *Neitzke v. Williams*, *supra* (although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint may be dismissed). *Cf. Community for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201-1202 (D.C.Cir. 1986)(denying motion to disqualify Office of the United States Attorney); and *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Secondly, since the plaintiffs do not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiffs lack standing to raise such a claim. *Linda R.S. v. Richard D.*, *supra,* 410 U.S. at 619.

Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, *supra*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, *supra*, 454 U.S. at 86-87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, *supra*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871). Therefore, since only the state can prosecute for criminal conduct which plaintiffs allege has occurred, such as embezzlement and counterfeiting, this portion of the requested relief is not available

to the plaintiffs.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.\* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
October 1, 2008

***The plaintiff's attention is directed to the important notice on the next page.***

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).