IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shernon Jenkins and Tyrone Robinson, ) | |
| ) | C/A No. 4:08-1636-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| All Insurance Companies, Agencies, ) | **O R D E R** |
| Divisions, etc. that cover and insur [*sic*] ) | |
| all and any defendants, named in this ) | |
| complaint; Walmart Franchise Corporation; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiffs Shernon Jenkins and Tyrone Robinson were inmates in custody of the South Carolina Department of Corrections (SCDC). Plaintiffs, proceeding pro se, allege in their complaint that Robinson's sister paid $6.50 to wire $100.00 to Jenkins' prison account for the use of both Plaintiffs. Plaintiffs allege they did not receive the funds. Plaintiffs assert causes of action for fraud, negligence, forgery, counterfeiting, embezzlement, and misrepresentation. They seek damages, injunctive relief, and criminal prosecution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996. On October 1, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that Plaintiffs raised no substantial question of federal law in their complaint, and that Plaintiffs failed to allege diversity of the parties or to meet the requisite jurisdictional amount. The Magistrate Judge also noted that Plaintiffs, as private citizens, have no

judicially cognizable interest in the criminal prosecution of another. Accordingly, the Magistrate Judge recommended that the case be summarily dismissed. On October 21, 2008, the envelope addressed to Plaintiff Jenkins was returned to the Office of the Clerk of Court marked "Released" and "Not Deliverable as Addressed Unable to Forward." Plaintiff Robinson filed objections to the Report and Recommendation on November 17, 2008, December 3, 2008, and January 30, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

A.    Plaintiff Shernon Jenkins

Plaintiff Jenkins was advised by order filed May 13, 2008 of his responsibility to notify the court *in writing* if his address changed. Plaintiff was informed that his case could be dismissed for failing to comply with the court's order. Nevertheless, Plaintiff Jenkins has provided the court with no change of address. It appears that Plaintiff Jenkins no longer wishes to pursue this action. Therefore, the within action hereby is dismissed as to Plaintiff Jenkins with prejudice pursuant to Fed R. Civ. P. 41(b).

B.    Plaintiff Tyrone Robinson

Plaintiff Robinson first asserts that the complaint should not be dismissed because Defendants violated his rights under the Fourteenth Amendment. The court disagrees. As the

Magistrate Judge noted, there are no allegations to support a finding that the private corporations, entitles, or individuals named in the complaint acted under color of state law for purposes of an action under 42 U.S.C. § 1983. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (setting out circumstances wherein a private party's allegedly unconstitutional conduct can be attributed to the state).

With respect to diversity jurisdiction, Plaintiff contends that he is entitled to actual and punitive damages sufficient to exceed the requisite $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1332. Ordinarily, the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). In these situations, it must appear to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount before the case will be dismissed for want of jurisdiction. Id. Punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).

Assuming that the $100.00 at issue was not deposited into Plaintiff Jenkins' account, there is no credible evidence to suggest, by a clear and convincing standard of proof, that any Defendant recklessly, willfully, wantonly, or maliciously prevented the transaction from being completed. The court finds it is not likely Plaintiff Jenkins would be entitled to punitive damages. The court concludes that it appears to a "legal certainty" that Plaintiff cannot recover the jurisdictional amount. Therefore, the court lacks diversity jurisdiction.

\* \* \*

For the reasons stated, the court concurs in the recommendation of the Magistrate Judge. The within action is summarily dismissed with prejudice pursuant to Rule 41(b) as the Plaintiff Jenkins. The case is dismissed without prejudice for lack of subject matter jurisdiction as to Plaintiff Robinson.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 3, 2009.

**NOTICE OF RIGHT TO APPEAL**
**Plaintiffs are hereby notified that they have the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**